**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CLEAN HARBORS INDUSTRIAL SERVICES, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO. 22-3304**<br><br>**JURY DEMAND** |

# COMPLAINT

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, *as amended*, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Christopher Morrison Sr. ("Morrison"). As alleged with greater particularity below, the defendant Clean Harbors Industrial Services, Inc. ("Defendant") discriminated against Morrison by withdrawing a conditional offer of employment and refusing to hire him because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964,

as amended ("Title VII"), 42 U.S.C.§ § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction and venue of the United States District Court for the Southern District of Texas, Houston Division pursuant to Section 706(f)(3) of Title VII, 42 U.S.C.§ 2000e-5(f)(3).

**PARTIES**

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA. The Commission is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. Defendant is a business corporation incorporated in the State of Delaware. At all relevant times, Defendant has continuously been doing business in the State of Texas, County of Harris and the City of LaPorte.

5. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce with at least fifteen employees under Sections 101(5) and (7) of the ADA, 42 U.S.C.§ § 12111(5) and (7).

7. Defendant's registered agent for service of process is CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**ADMINISTRATIVE PROCEDURES**

8. More than 30 days prior to the institution of this action, Morrison filed a charge of discrimination with the Commission alleging that Defendant committed violations of the ADA.

9. On July 12, 2021, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting it to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. Thereafter, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. On March 8, 2022, the Commission issued Defendant a Notice of Conciliation Failure advising it that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this action have been fulfilled.

**STATEMENT OF CLAIMS**

13. Defendant is an environmental, energy and industrial services company that provides industrial waste management services.

14. Since at least April 2019, Defendant has engaged in unlawful employment practices at its facility in LaPorte, Texas on the basis of disability in violation of Sections 102(a) and 102(b) of the ADA, 42 U.S.C. §§ 12112(a) and (b) by rescinding Morrison's job offer and refusing to hire Morrison because of his actual or perceived disability.

a. Morrison is a qualified individual with a disability under Sections 3(1)(A) & (b) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A), (B) and § 12111(8). At all times relevant to this Complaint, Morrison was in treatment for and had a record of an impairment, opioid dependence, that substantially impaired a major

life activity, brain function. Defendant also regarded Morrison as disabled by refusing to hire him because of his impairment.

b. Morrison applied for an open position as an Environmental Technician II (the "Position") with Defendant.

c. Morrison had the necessary skills, experience and qualifications for the Position.

d. Morrison was able to perform the essential functions of the Position with or without accommodation.

e. On or about April 11, 2019, Defendant extended a provisional offer of employment to Morrison, informing him that he was preliminarily qualified for the Position, but that employment was conditioned on Morrison passing a drug screen and physical examination.

f. Defendant referred Morrison to AllOne Health Resources, Inc. ("AllOne") to perform the drug screen and work-related medical exam on Defendant's behalf.

g. Morrison's pre-employment drug test revealed the presence of medication used to treat his disability.

h. At AllOne's request, Morrison provided a form filled out by his treating physician verifying that Morrison had been prescribed the medication for his disability and that his use of the medication did not prevent him from safely performing safety-sensitive work.

i. AllOne took no further steps to determine the effect, if any, of the medication on Morrison.

j. AllOne recommended to Defendant that Morrison be restricted from performing certain job functions because of his medication.

k. AllOne made its recommendation without consideration of how the medication actually affected Morrison's ability to perform the job functions.

l. After receiving AllOne's recommendation, Defendant rescinded its conditional offer of employment.

m. Defendant failed to make an individualized assessment of whether Morrison would, in fact, be able to perform the essential functions of the Position while using the medication prescribed to treat his disability.

n. Defendant revoked Morrison's offer of employment without engaging in an interactive process with Morrison about whether he could perform the essential job functions with or without reasonable accommodation.

15. Defendant subjected Morrison to adverse employment action – withdrawal of its conditional job offer and resulting failure to hire him – because of Morrison's disability or record of disability, or because it regarded him as having a disability, or because of his impairment, opioid addiction.

16. The effect of Defendant's unlawful employment practices complained of above has been to deprive Morrison of equal employment opportunities and otherwise adversely affect his status as an employee because of disability in violation of the ADA.

17. As a result of Defendant's unlawful actions, Morrison suffered back pay losses, as well as pecuniary and non-pecuniary losses and damages.

18. The unlawful employment acts, omissions and practices complained of above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1) as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117a.

19. Defendant acted with malice and/or reckless indifference to Morrison's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1) when it engaged in the unlawful employment practices complained of above.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees on the basis of disability within the meaning of the ADA by: refusing to hire or discharging persons because of disability or a record of disability or because it perceives persons as disabled; or discharging or refusing to hire persons without making an individualized determination that the person cannot safely perform essential job functions, with or without reasonable accommodation, due to disability.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from using the results of any post-conditional offer medical examinations or inquiries, including but not limited to any inquiries about the use of prescribed medications for the treatment of a disability, in a manner that violates the ADA, including denying employment to an individual on the basis of their usage of prescription medication for treatment of a disability or record of disability, without making an individualized assessment into whether the medication interferes with the individual's

ability to perform essential job functions, with or without reasonable accommodation, and without engaging in an interactive process with the individual.

      C.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of Defendant's past and present unlawful employment practices.

      D.      Order Defendant to provide each of its Human Resources personnel, directors, managers and other individuals with supervisory authority with training advising them of the requirements and prohibitions of the ADA and Defendant's policies, practices, and programs to provide equal employment opportunities for qualified individuals with disabilities.

      E.      Order Defendant to make Morrison whole by providing appropriate backpay with prejudgment interest, other economic damages in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

      F.      Order Defendant to make Morrison whole by providing him compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      G.      Order Defendant to pay punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

      H.      Order Defendant to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

      I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel
U.S. Equal Employment Opportunity Commission

**Christopher Lage**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission

**Rudy L. Sustaita**
Regional Attorney
U.S Equal Employment Opportunity Commission
Houston District Office

**Kathy D. Boutchee**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office

**Connie Wilhite Gatlin**
Senior Trial Attorney
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
Phone: (346) 327-77101
Fax: (713) 651-4995
connie.gatlin@eeoc.gov

**/s/ Elizabeth J. Owen**
Elizabeth J. Owen
Attorney-in-Charge
Trial Attorney
Louisiana Bar No. 33620
S.D. Texas ID No. 3761258
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Email: elizabeth.owen@eeoc.gov

**COUNSEL FOR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**